# Morgan Lewis

**Melissa D. Hill**
Partner
+1.212.309.6318
melissa.hill@morganlewis.com

July 26, 2019

## VIA ECF AND FEDERAL EXPRESS

Hon. Paul A. Crotty, District Judge
United States District Court, Southern District of New York
500 Pearl Street, Chamber 1350
New York, NY 10007

Re:     McGowan v. JPMorgan Chase & Co., Civil Action No. 1:18-cv-08680-PAC

Dear Judge Crotty:

We represent Defendant JPMorgan Chase Bank, N.A. in the above-referenced matter.  We write pursuant to the parties' July 19 letter to provide the Court with an update as to the status of ESI.

## I.      Relevant Background Regarding the Parties' ESI Negotiations.

This is a single-plaintiff Equal Pay Act case brought by a current employee of JPMC.  For approximately two months, the parties have been negotiating ESI parameters in hopes of identifying a universe of responsive documents that is both relevant and proportionate to Plaintiff's claims.

On May 17, 2019, Plaintiff proposed ESI custodians, date ranges, and search terms to Defendant that included 17 custodians spanning nearly six years for each custodian.  Defendant had its e-discovery vendor run Plaintiff's proposed terms across only five custodians (Plaintiff and four managers) for a subset of the proposed time period.[1]  Plaintiff's proposal yielded over 500,000 overall family hits for this limited subset.  Defendant then provided Plaintiff with the search term hit reports for her proposal and informed Plaintiff that her proposed terms were patently overbroad, unduly burdensome, and not proportional to the needs of the case.  Rather than revise her exceedingly overbroad terms, Plaintiff insisted on putting the burden on Defendant to propose revisions to *her terms*.  In the spirit of cooperation, Defendant agreed.  However, due to the breadth of Plaintiff's proposal, revising Plaintiff's search terms to be proportional to the needs of the case was a significant undertaking, requiring significant vendor and attorney time.

After going through approximately five rounds of revisions with JPMC's e-discovery vendor to try to reduce Plaintiff's proposal to a reasonable number,[2] Plaintiff's terms were still yielding over 4,000 family

---

[1] To run any proposed terms across Plaintiff's proposed custodians and date ranges would require Defendant to incur significant expense of gathering, uploading, and hosting large volumes of data, much of which, on its face, is wholly irrelevant to the timeframes and allegations set forth in the Complaint.  For example, Plaintiff has insisted until the most recent meet and confer that Defendant apply search terms to Isabel Plasencia for a 6 year period going back to September 2013 (when Plaintiff still worked in Ireland) even though the only allegation related to Ms. Plasencia is one discrete comment made at a discrete point in time allegedly suggesting that Plaintiff would be considered for Ms. Plasencia's job.  Even if such allegation were true, it hardly justifies gathering, hosting, and searching six years' worth of data.

[2] During this process Plaintiff provided Defendant with her Second Proposed ESI Search Terms (on June 28).  Plaintiff's second proposal excluded a few terms related to her disability claim, which Plaintiff has represented to Defendant she intends to dismiss with prejudice.  Plaintiff, however, demanded all of the same overbroad custodians, date ranges, and made no other modifications or compromises on search terms in this proposal.

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060
United States

☏ +1.212.309.6000
🖷 +1.212.309.6001

Hon. Paul A. Crotty, District Judge
July 26, 2019
Page 2

hits across a mere subset of Plaintiff's proposed custodians (5 of her proposed 17) and timeframes (6 years for everything, rather than timeframes carefully tailored to the specific terms, allegations, and custodians). Defendant provided Plaintiff this search term hit report and requested that she confirm her agreement to Defendant's modifications. Defendant also invited Plaintiff to make a revised and informed proposal to the extent that she rejected Defendant's counter-proposal.

On July 15, 2019, Plaintiff provided Defendant with her Third Proposed ESI Search Terms. Plaintiff's third proposal was nearly identical to her *first* proposal and continued to be patently overbroad and not proportional to the needs of this case.[3] Plaintiff's proposal wholly ignored Defendant's suggested modifications, which were the product of weeks of informed revisions. Plaintiff chose, instead, to re-insert her original, generic search terms back into her proposal, despite the fact that the search terms were shown to be demonstrably overbroad by hit reports provided weeks before. On July 19, the parties met and conferred regarding the scope of ESI and the parties' search term proposals. During the meet and confer, the parties agreed to continue ongoing negotiations prior to seeking judicial intervention and that Plaintiff would provide Defendant with an informed proposal on July 21. That proposal continues to yield 131,083 family hits over a subset of her requested custodians and timeframes and remains demonstrably overbroad.[4]

The parties met and conferred for approximately two hours again on July 26 regarding their proposed ESI search terms and parameters. The parties concluded that they are in general agreement as to Defendant's modified search terms for Categories 1, 2, 3, and 6, but the parties continue to disagree as to the appropriate custodians and applicable timeframes. As explained in more detail below, Defendant proposed a number of additional compromises to Plaintiff during the meet and confer with respect to custodians and date ranges.[5]

## II.   Defendant's ESI Proposal.

Defendant has proposed the following modifications to Plaintiff's search proposal to reduce the volume of data and to limit the number of anticipated false positives:

<u>No. 1:</u>  Search Terms Related to Statements Allegedly Made While Plaintiff Was Pregnant
- Removing custodians who were not her supervisor or alleged to be involved in the conduct that is the target of Search No. 1; and
- Limiting the search term date range to September 1, 2016 (9 months prior to the start of Plaintiff's maternity leave) through June 2017 (the start of Plaintiff's maternity leave).
- Defendant informed Plaintiff during the meet and confer that it would be willing to expand the search range (pending a hit report) through September 21, 2018 if Plaintiff would agree to remove Plasencia as a custodian in Search Nos. 1-2 and limit Staunton to the time when he was her supervisor.

---

[3] Even though common sense dictated that Plaintiff's proposal would still generate hundreds of thousands of hits, Defendant nevertheless incurred the unnecessary cost and burden of processing the terms and providing Plaintiff with a detailed hit report. And, as anticipated, Plaintiff's proposal across only a subset of custodians and date ranges still yielded 304,088 family hits.

[4] Defendant provided Plaintiff with a counter-proposal, which much more reasonably yields 4,668 family hits. Again, this hit number relates to only a portion of the custodians and date ranges. If applied across the full universe, assuming Defendant and Plaintiff can agree on same, the hit count will be much higher.

[5] To the extent that Plaintiff denies Defendant's compromise proposals and continues to push for broad discovery, including the collection of additional custodians, Defendant respectfully requests that the costs associated with such collection, processing, hosting, and reviewing be shifted to or shared with Plaintiff.

Hon. Paul A. Crotty, District Judge
July 26, 2019
Page 3

<u>No. 2</u>:  Search Terms Related to Plaintiff's Compensation
- Removing custodians who were not her supervisors or decision-makers;
- Limiting Plaintiff's search term date range to January 1, 2014 (two months prior to her transfer to the U.S.) through the date the Complaint was filed; and
- Limiting Plaintiff's supervisors' (Staunton, Masi, Cohen, and Smithers) search term date range to the respective periods when they were her supervisor.

<u>No. 3</u>:  Search Terms Related to Plaintiff's Alleged Comparators
- Removing custodians who were not her supervisors or decision-makers; and
- Limiting Plaintiff's supervisors' (Staunton, Masi, Cohen, and Smithers) search term date range to the respective periods when they were her supervisor.

<u>No. 4</u>:  Search Terms Related to Plaintiff's Transfer from Dublin to New York
- Eliminating entirely because any allegedly discriminatory conduct that occurred in Ireland is not actionable under New York Labor Law and because Plaintiff's transfer to/from Dublin to New York is not related to any claim or defense in this action.
- Defendant informed Plaintiff during the meet and confer that it would be willing to run Plaintiff's proposed searches in No. 4 (notwithstanding its position that these terms are irrelevant), if Plaintiff agreed to the modifications that Defendants made to the custodians and date ranges in Search Nos. 2-3.

<u>No. 5</u>:  Search Terms Related to Discrimination
- Linking search terms to the Plaintiff's name[6];
- Removing custodians who were not her supervisors or decision-makers;
- Limiting McGowan's search term date range to January 1, 2014 (two months prior to her transfer to the U.S.) through the date the Complaint was filed; and
- Limiting her supervisors' (Staunton, Masi, Cohen, and Smithers) search term date range to the respective periods when they were Plaintiff's supervisor.

<u>No. 6</u>:  Search Terms Related to Plaintiff's Allegations About Plasencia's Job
- During the meet and confer, the parties discussed adding a custodian (Plasencia) if the Plaintiff agreed to remove Plasencia as a custodian from Search Nos. 1-2 (above); and
- During the meet and confer, the parties discussed moving the start date back to September 1, 2016 from November 1, 2016 if Plaintiff agreed to move the end from June 2017 to February 1, 2017 when promotions are effective.

Defendant believes that its modified search terms and parameters are targeted, reasonable and proportional to the needs of the case.  As of the conclusion of the meet and confer on July 26, counsel for Plaintiff who participated in the meet and confer represented that she did not have the authority to agree to any of Defendant's proposals.  Thus, unless ordered otherwise by the Court, Defendant intends to move forward with its review of ESI responsive to its most recent proposal, which is the result of significant thought, time, and hard work, and is eminently reasonable.

---

[6] Defendant maintains that it will entertain a search term proposal that is not linked to Plaintiff's name, but any such proposal must be appropriately tailored to this case.  While Plaintiff represents in her letter that she narrowed her custodians to Plaintiff's supervisors, what she omits is that she is seeking to search broad terms, such as discrim* w/30 of lawsuit (without any connection to sex or pregnancy), through each of their data for a six year period (regardless of when they were her supervisor) and that her current Search No. 5 proposal yields approximately 100,000 family hits.

Hon. Paul A. Crotty, District Judge
July 26, 2019
Page 4

Respectfully submitted,

*/s/ Melissa D. Hill*
Melissa D. Hill

cc:  All counsel of record (via ECF)