

Cara E. Greene, Esq.
ceg@outtengolden.com

August 6, 2019

**By ECF:**
The Honorable Gabriel W. Gorenstein
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007

   Re:  *Emma McGowan v. JPMorgan Chase & Co.*, No. 18 Civ. 8680 (PAC) (GWG)

Dear Judge Gorenstein:

  We represent Plaintiff Emma McGowan in the above-referenced matter. In addition to the discovery disputes raised in Plaintiff's July 29, 2019 letter to the Court (ECF No. 39), we write to raise two additional disputes ahead of the Parties' upcoming conference on August 9, 2019.

  Plaintiff filed her initial Complaint on September 21, 2018, alleging that Defendant violated New York Labor Law and New York City Human Rights Law by paying her less than men for equal work and discriminating against her in the terms and conditions of her employment because of her gender and pregnancy. It has been almost a full year since Plaintiff filed her Complaint, yet Defendant still has not produced many of the basic documents and much of the information to which Plaintiff is entitled. Plaintiff has timely raised these deficiencies with Defendant in written correspondence and telephonic meet and confers, as well as with the Court via letter and oral argument.

**Discovery Issues in Dispute**

  Pursuant to Your Honor's and Judge Crotty's Individual Rules, the Parties have met and conferred telephonically on all of the disputes listed below, including on May 15, 2019 (40 minutes), June 3, 2019 (1 hour), June 26, 2019 (1 hour), July 25, 2019 (1 hour), July 26, 2019 (2 hours), and August 5, 2019 (30 minutes). Plaintiff has notified Defendant that she planned to raise the below issues with the Court, and Defendant's position on each issue is set forth below.

  1. <u>Defendant's Non-ESI Document Production is Deficient</u>

  As of today, August 6, 2019 – only four weeks from the close of discovery and almost five months after Plaintiff served her First Request for Production of Documents – Defendant has not yet produced the following relevant and responsive documents:

- Personnel files and related documents of male comparators (*e.g.* performance evaluations, job descriptions, resumes, hiring documents, etc.);

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000   Fax (646) 509-2060
**Chicago**  161 N Clark Street  Suite 1600  Chicago, IL 60601  Tel (312) 809-7010   Fax (312) 809-7011
**San Francisco**  One Embarcadero Center  38th Floor  San Francisco, CA 94111  Tel (415) 638-8800   Fax (415) 638-8810
**Washington, DC**  601 Massachusetts Ave NW  Second Floor West Suite  Washington, DC 20001  Tel (202) 847-4400   Fax (202) 847-4410

www.outtengolden.com

The Honorable Gabriel W. Gorenstein
August 6, 2019
Page 2 of 5

- Compensation policies relevant to Plaintiff's department and related documents;[1]
- Documents generated in connection with Plaintiff's internal complaint;
- Documents relating to other complaints of gender discrimination, pregnancy discrimination, or pay disparity; and
- Compensation data for individuals assigned job codes other than those assigned to Plaintiff.[2]

Defendant has repeatedly labeled Plaintiff's document requests as "overbroad" and her multiple attempts at meet and confer regarding deficiencies as "premature." Defendant has stated that the documents Plaintiff has requested either do not exist (*See* Def.'s Aug. 1, 2019 Letter to the Court (ECF No. 45) regarding personnel files and compensation policies); are privileged (regarding documents generated in connection with Plaintiff's internal complaint); or will be forthcoming at some unnamed date in the future.

While Plaintiff has identified three comparators by name, there may be others; the lack of transparency around compensation means that a plaintiff often does not know the full extent of pay disparity, and discovery is necessary to identify additional or entirely different comparators. *See*, *e.g.*, *Vuona v. Merrill Lynch & Co.*, No. 10 CIV. 6529 PAE, 2011 WL 5553709, at *4 (S.D.N.Y. Nov. 15, 2011) ("The purpose of discovery here is, in part, to help identify the universe of proper comparators."). Without this information, which is in Defendant's custody and control, Plaintiff is operating inside a black box.

Plaintiff has raised the issue of Defendant's deficient document production during our June 13, 2019 and July 9, 2019 conferences with Judge Crotty, specifically referring the Court to the above categories of documents that Defendant has not yet produced. Plaintiff has also enumerated Defendant's deficient document production in detail in her previous letters to Judge Crotty, including on June 7, 2019 (ECF No. 24), July 3, 2019 (ECF No. 30), July 26, 2019 (ECF No. 37), and July 29, 2019 (ECF No. 39). Plaintiff has been willing to try to work with Defendant to narrow categories of requested documents, but compromise is difficult when Defendant has refused, up until last week, to even identify how it is defining Plaintiff's department within the Bank. With depositions set to begin in just a few days, Plaintiff is now prejudiced because of Defendant's failure to produce relevant and responsive documents.

2. Defendant's Interrogatory Responses are Deficient

As of today, August 6, 2019 – again, almost five months after Plaintiff served her First Set of Interrogatories – Defendant has refused to identify the following persons and documents:

---

[1] Defendant states in its August 1, 2019 Letter to Your Honor that "it is not currently aware of any policies" regarding compensation. (ECF No. 45). However, it has also asserted affirmative defenses in its Answer that any purported pay disparity between Plaintiff and her male comparators "is because of a seniority system" or "a merit system." (ECF No. 11 at Defense 19). Defendant cannot purport to rely on an affirmative defense of a systematized compensation policy and then refuse to produce that policy.

[2] In the Parties' meet and confer on August 5, 2019, Defendant agreed to produce compensation data for one of the men identified by Plaintiff who did not hold the same job code as Plaintiff. Aside from that individual, Defendant has produced compensation data only for those few employees who have held Plaintiff's same job code.

The Honorable Gabriel W. Gorenstein
August 6, 2019
Page 3 of 5

- Individuals who have knowledge of internal or external complaints regarding similar complaints of discrimination (Interrogatory No. 3);
- Individuals who have knowledge of internal or external complaints about Plaintiff's supervisors or colleagues (Interrogatory No. 4);
- Individuals with knowledge of, or who played a role in, investigating Plaintiff's internal complaint (Interrogatory No. 8);
- Documents generated in connection with Plaintiff's internal complaint (*id.*);
- Individuals most knowledgeable about Defendant's document retention policies and litigation hold (Interrogatory No. 11);
- Individuals who work in Plaintiff's department (Interrogatory No. 13);
- Individuals involved in the decisions to set Plaintiff's compensation (Interrogatory No. 12);
- Individuals who were decisionmakers for purposes of determining compensation rates for other individuals in Plaintiff's department (Interrogatory No. 14); and
- Documents relied upon when setting compensation rates for individuals in Plaintiff's department (*id.*).

Defendant has asserted blanket objections and refused to answer the above-listed requests for information, on the basis that Plaintiff's interrogatories are either privileged (regarding investigations into Plaintiff's internal complaint and Defendant's document retention policies); confidential (despite the fact that the parties have signed a Confidentiality and Protective Order in this matter (*see* ECF No. 22)); or overbroad and unduly burdensome (regarding, *e.g.*, which individuals work in Plaintiff's department).

On June 26, 2019, Plaintiff served her Second Set of Interrogatories seeking the identity of individuals Defendant considers to be similarly situated to Plaintiff with respect to job duties, responsibilities, position, or compensation (Interrogatory No. 15). Defendant has refused to answer this interrogatory and has objected that this interrogatory is both vague and calls for a legal conclusion. *See* Def.'s Responses and Objections to Pl.'s Second Set of Interrogatories, attached as Ex. 1. Defendant maintains that this response is proper despite the fact that these objections contradict each other.

Plaintiff's Second Set of Interrogatories also sought the basis for Defendant's affirmative defenses.[3] Despite the fact that Plaintiff properly served these contention interrogatories pursuant to Local Rule 33.3(b) and (c), Defendant has not answered these interrogatories, instead repeatedly stating that "Defendant denies there is a pay disparity." *See* Ex. 1.

Plaintiff has previously raised the issue of Defendant's deficient interrogatories during our June 13, 2019 and July 9, 2019 conferences with Judge Crotty, specifically referring the Court to the above information that Defendant had not yet produced. Plaintiff also enumerated

---

[3] Defendant has asserted all four affirmative defenses available under the New York Labor Law (despite the fact that those affirmative defenses contradict each other when asserted simultaneously).

The Honorable Gabriel W. Gorenstein
August 6, 2019
Page 4 of 5

Defendant's deficient interrogatories in detail in her June 7, 2019 letter to Judge Crotty (ECF No. 24).

Defendant's failure to respond subverts the purpose of interrogatories as a means to streamline discovery and avoid undue burden and cost. Since Plaintiff has been unable to determine which individuals are likely to possess relevant information, broader requests and multiple rounds of searches have been required. During the Parties' meet and confers, Defendant maintained its position that there was no pay disparity and that if a factfinder determines that a pay disparity exists, it intends to assert affirmative defenses available to it pursuant to the New York Labor Law. Defendant cannot have it both ways: it cannot purport to rely on affirmative defenses and then refuse to provide basic information about the basis for those defenses. Because Defendant's interrogatory responses are manifestly improper, Plaintiff respectfully requests that the Court order Defendant to properly answer Plaintiff's interrogatories or, alternatively, strike Defendant's affirmative defenses.

3. <u>Defendant's Objections and Responses to Requests for Admission are Improper</u>

Defendant's Objections to Plaintiff's Requests for Admission improperly fail to either admit or deny and instead refer Plaintiff to future document production, or state that Defendant lacks knowledge sufficient to answer. Plaintiff respectfully directs the Court to her July 29, 2019 letter (ECF No. 39) for a more detailed discussion of why Defendant's Responses and Objections are improper. Pursuant to the arguments raised in her letter, Plaintiff respectfully requests that the Court strike Defendant's Responses to Plaintiff's Requests for Admission Nos. 13-15, 22-24, 31-33, 40-42, and 55-58 and order Defendants to serve amended responses that are proper under the Federal Rules.

4. <u>Defendant's Objections and Responses to Plaintiff's 30(b)(6) Deposition Notice are Improper</u>

Through its Objections, Defendant is refusing to designate a corporate witness to answer questions relating to broad swaths of relevant discovery issues, including regarding job titles, duties, and responsibilities for Plaintiff's comparators who held a different job code; policies and procedures relating to promotion and compensation for Plaintiff's comparators; and similar complaints of discrimination or pay disparity. Plaintiff respectfully directs the Court to her July 29, 2019 letter (ECF No. 39) for a more detailed discussion of why Defendant's Responses and Objections are improper. Pursuant to the arguments raised in her letter, Plaintiff respectfully requests that the Court order Defendant to produce a 30(b)(6) witness to testify on Topic Nos. 2, 3, 4, 5, 6, 9, and 10.

We thank the Court for its attention to this matter.

Respectfully submitted,

Cara E. Greene

The Honorable Gabriel W. Gorenstein
August 6, 2019
Page 5 of 5

Encl.
cc:      All counsel of record (by ECF)