

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
OFFICE OF THE CLERK
500 PEARL STREET
NEW YORK, NEW YORK 10007

RUBY J. KRAJICK
CLERK OF COURT

March 22, 2022

<u>BY ECF AND OVERNIGHT MAIL</u>

Gregory Scott Chiarello
Outten & Golden, LLP (NYC)
685 Third Avenue, 25th Floor
New York, NY 10017

Melissa D Hill
Morgan, Lewis & Bockius LLP (New York)
101 Park Avenue
New York, NY 10178

Re: 1:18-cv-08680-PAC-GWG, <u>McGowan v. JPMorgan Chase Bank, N.A.</u>

Dear Counsel,

 I have been contacted by Judge Paul A. Crotty, U.S.D.J., who presided over the above-mentioned case.

 Judge Crotty informed me that it has been brought to his attention that while he presided over the case, he owned stock in JPMorgan. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Crotty directed that I notify the parties of the potential conflict.

 Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

Notice to Counsel of Record
March 22, 2022
Page 2

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

If you wish to respond to the disclosure of a potential conflict in this matter, please file your response in the above-named case. Any response will be considered by another judge of this court without the participation of Judge Crotty.

Sincerely,

*/s/ Ruby J. Krajick*

Ruby J. Krajick
Clerk of Court

cc: Hon. Paul A. Crotty, U.S.D.J.